UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WANDA MCGOWAN                                                                                          PLAINTIFF

V.                                                                           CIVIL ACTION NO. 3:24-CV-29-DPJ-ASH

TOUGALOO COLLEGE                                                                                     DEFENDANT

ORDER

Wanda McGowan sued her former employer, Tougaloo College, for unpaid wages. Tougaloo moved for summary judgment, insisting that McGowan was not an employee during the 2023–24 school year, so it owes her nothing. McGowan opposes the motion. The Court, having considered the submissions of the parties, finds that summary judgment [6] should be denied.

I.    Facts and Procedural History

McGowan served as an Assistant Professor of Political Science at Tougaloo College. In June 2022, she entered a reappointment contract for the 2022–23 school year with an annual salary of $50,000. But at the end of the 2022–23 school year, her employment status became unclear.

Initially, Tougaloo opted not to renew her appointment for the 2023–24 school year. May 12, 2023 Letter [7-2]. McGowan sought reconsideration of that decision, May 19, 2023 Letter [7-3], and Interim President Donzell Lee responded.

> Tougaloo College is in receipt of your "Request for Reconsideration of Non-Renewal of Contract for the 2023–24 School Year." Your reconsideration request is based on Section J Appeals of the Tougaloo College Faculty Handbook. After reviewing this Section of the Handbook and fully considering your request for reconsideration—your request is denied.
>
> However, the Faculty Handbook provides that "faculty members beyond their second year of employment who are not recommended for reappointment will be

> given in writing, a notice of non-renewal at least twelve (12) months in advance."
> Based on this Section of the Handbook, your request for reconsideration is
> granted. Accordingly, this letter serves as notification of your appointment as
> Assistant Professor of Political Science in the School of Social Science for the
> 2023–2024 academic year[.]
>
> This letter also provides notice that your employment with Tougaloo College is
> being terminated for cause. Pursuant to Page 51 of the Faculty Handbook, under
> Dismissal, "the President of the College or an appointed designee shall invite the
> faculty member to discuss the matter in a personal conference." The matter may
> be resolved by mutual consent at this time and any other point in the process and
> both faculty member and the President (or designee of the President) have the
> option of assistance by counsel at this and every other stage of the process.

July 24, 2023 Letter [7-4].

Stated simply, Tougaloo told McGowan her appointment was renewed for 2023–24 and then terminated her for cause in the same letter. *Id.* McGowan requested a dismissal hearing and "immediate reinstatement of my faculty contract for the 2023–24 school [year] and return to my duties pending the hearing[.]" Aug. 3, 2023 Letter [10-2]. She supported that request with a portion of the faculty handbook:

> A faculty member will be suspended during dismissal proceedings only if the
> President judges that the faculty member's continued performance of duties
> would constitute a danger to the faculty member or to others at the College. If a
> faculty member is suspended during dismissal proceedings, the suspension shall
> be with pay unless the faculty member is legally prevented from discharging his
> or her duties by a party other than the College itself.

Handbook [10-3] at 2; *see* Aug. 3, 2023 Letter [10-2] at 2 (quoting this provision).

Because there is no evidence the school deemed McGowan a danger, she believes the handbook required her to continue working during the dismissal proceedings. And that's what she says she did. According to her,

> I resumed my duties once reinstated, consistent with the school handbook.
> I continued to assist students and faculty during the summer session of 2023
> summer classes through the end of the Spring 2024 semester. I advised
> Department faculty on the actions and steps to be taken to ensure the viability of
> the programs in the Political Science Department. I talked to the past adjunct

2

> professor, and he agreed to teach several courses as an adjunct professor. I answered calls and concerns from students trying to navigate the College environment and encouraged students to complete their degree programs. I attended several orientation/ Pre-Law and Public Policy events. Additionally, I traveled with students on several trips and served as a chaperone.

McGowan Aff. [10-1] at 2 (unaltered). Those activities are not disputed, but Tougaloo says she acted voluntarily and without an employment relationship. Its Director of Human Resources, Karen Cole, attested that McGowan was assigned no classes to teach, had no students to advise, did not have an office, and had no duties within the department. Cole Aff. [7-5] at 2.

Then, on December 6, 2023, Lee notified McGowan that the Board of Trustees had approved her termination. Dec. 6, 2023 Letter [7-6] (indicating a hearing was held Nov. 10, 2023, and the board met Nov. 16, 2023). Aggrieved by that decision, McGowan sued Tougaloo seeking compensation for the 2023–24 school year. Compl. [1] at 1. She maintains Tougaloo's failure to pay her salary violates the Fair Labor Standards Act (FLSA), amounts to a breach of contract, and violates the covenant of good faith and fair dealing. *Id.* at 4–5. Tougaloo insists McGowan's employment ended when it refused to renew her contract on May 12, 2023, it owes her nothing, and summary judgment is warranted.

II.     Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case[] and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

3

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion[ ] and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Catrett*, 477 U.S. at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). It must "interpret all facts and draw all reasonable inferences in favor of the nonmovant." *EEOC v. Rite Way Serv.*, 819 F.3d 235, 239 (5th Cir. 2016); *accord Tolan v. Cotton*, 572 U.S. 650, 660 (2014).

III.   Analysis

Tougaloo says that, after May 12, 2023, McGowan was no longer employed, performed no duties for Tougaloo at its request, and is therefore owed no payment.

   A.   FLSA

The FLSA aims to "give specific minimum protections to individual workers and to ensure that each employee . . . would receive a fair day's pay for a fair day's work and would be protected from the evils of overwork as well as underpay." *Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 871–72 (5th Cir. 2021) (quotation marks and citations omitted). To state an FLSA claim, McGowan must show:  (1) she was employed by Defendants, (2) she was covered under the FLSA, (3) Defendant failed to pay her, and (4) the amount of pay due. *See White v. U. S. Corr., LLC*, 996 F.3d 302, 309 (5th Cir. 2021) (stating elements of overtime-wage claim under 29

4

U.S.C. § 207); *Williams v. Superior Hosp. Staffing Inc.*, No. CV 18-2793, 2019 WL 118013, at *2 (E.D. La. Jan. 7, 2019) (stating elements for claims for "unpaid overtime or minimum wages"); *see also Leyva v. Avila*, 634 F. Supp. 3d 670, 675 n.4 (D. Ariz. 2022) ("Section 206(a) of the FLSA requires employers to pay their employees a minimum wage, while § 207(a) requires employers to pay their employees an overtime wage. The elements for each claim are otherwise identical.").

Tougaloo says McGowan "cannot get past the first element" because she "cannot establish that an employer-employee relationship existed during the 2023–2024 academic year." Def.'s Mem. [7] at 4. It offers two reasons why. First, even assuming she continued to do things on campus after being terminated on May 12, 2023, she wasn't instructed to and was therefore a volunteer. Def.'s Reply [14] at 2. Second, she has no evidence that she signed an employment contract for the disputed year. *Id.*

But construing the evidence in the light most favorable to her, McGowan has created a question of fact whether she acted as a Tougaloo employee—at minimum, while her termination hearing was proceeding. As McGowan points out, Lee's July 24, 2023 letter states, "[T]his letter serves as notification of your appointment as Assistant Professor of Political Science in the School of Social Science of the 2023–2024 academic year[.]" July 24, 2023 Letter [7-4]; *see* Pl.'s Resp. [11] at 6. And even though Lee terminated her for cause, under the handbook, "[a] faculty member will be suspended during dismissal proceedings only if the President judges that the faculty member's continued performance of duties would constitute a danger to the faculty member or to others at the College." Handbook [10-3] at 2. There is no evidence of that finding, and the handbook indicates that she remained employed.

5

As for the lack of a signed contract, Tougaloo cites no authority suggesting that a signed contract is required to establish employer-employee status under the FLSA. Perhaps there is more to it, but on this record and these arguments, McGowan has created a question of fact whether she remained employed.

Assuming a question of fact regarding the employment status, there is no dispute McGowan was not paid. *See Blundell v. Lassiter*, No. 3:17-CV-1990, 2018 WL 6738046, at *13 (N.D. Tex. May 21, 2018) ("An average wage paid of $0 for hours worked during a workweek—as Plaintiffs allege in this case—is clearly below the minimum wage set by the FLSA, and, accordingly, Plaintiffs' claim as pleaded is actionable under the FLSA's minimum wage provision."); *Perez v. T.A.S.T.E. Food Prods., Inc.*, No. 5:13-CV-655, 2014 WL 412327, at *5 (W.D. Tex. Feb. 3, 2014) (denying motion to dismiss minimum-wage claim under the FLSA). Summary judgment is denied.

### B. Breach of Contract

Next, Tougaloo maintains that McGowan cannot proceed on her breach-of-contract claim because "there is no contract for the 2023–2024 academic year." Def.'s Mem. [7] at 5. In other words, "Tougaloo was not obligated to pay McGowan for a non-existence [sic] contract." *Id.* Tougaloo's arguments track those it made under the FLSA. And, here again, it offers no authority that a signed contract was required under Mississippi law in this context. Construing the conflicting facts in McGowan's favor, the Court finds summary judgment should be denied.

### C. Breach of the Implied Covenant of Good Faith and Fair Dealing

Tougaloo does not separately move for summary judgment on McGowan's claim for breach of the implied covenant of good faith and fair dealing, presumably because it maintains no contract exists. *See Morris v. Macione*, 546 So. 2d 969, 971 (Miss. 1989) ("Mississippi

6

ascribes to the view that all contracts contain an implied covenant of good faith and fair dealing."); Def.'s Reply [14] at 5. Because a question of fact exists as to whether McGowan was under contract, this claim will also go forward.

IV. Conclusion

The Court has considered all arguments raised by the parties; those not addressed would not have changed the result. For the reasons stated, Defendant's motion for summary judgment is denied.

**SO ORDERED AND ADJUDGED** this the 17th day of June, 2024.

                                        s/ *Daniel P. Jordan III*
                                        CHIEF UNITED STATES DISTRICT JUDGE